IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 10, 2001 Session

## CYNTHIA LONG v. CITY OF MARYVILLE

**Direct Appeal from the Circuit Court for Blount County**
**No. L-9994     Hon. W. Dale Young, Circuit Judge**

FILED FEBRUARY 1, 2002

**No. E2001-00908-COA-R3-CV**

Upon remand from this Court, the Trial Court entered Judgment for defendant in this slip and fall case. On appeal, we reverse.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and WILLIAM H. INMAN, SR. J., joined.

Kevin W. Shepherd, Maryville, Tennessee, for Appellant.

Nathan D. Rowell, Knoxville, Tennessee, for Appellee.

### OPINION

In this action for damages for personal injuries resulting from a fall, the Trial Court initially dismissed plaintiff's action at the conclusion of plaintiff's proof, pursuant to Tenn. R. Civ. P. Rule 41. Plaintiff appealed to this Court, and this Court reversed and remanded to the Trial Court, stating that the plaintiff would be limited to the proof already offered, but the defendant was entitled to "present its case".

The defendant elected not to put on any proof, and the Trial Court then ruled in the favor of defendant, holding that plaintiff had failed to prove notice of a defect, unsafe or dangerous condition, and further that plaintiff failed to prove any negligence, act or omission by any employee of the City, and did not carry her burden of proof. Plaintiff has again appealed to this Court.

Judge Goddard, authoring the Opinion in the initial appeal said:

> In considering the issue before us, we note that causation was one of the grounds on which the Trial Court dismissed Ms. Long's case. The Court stated that Ms. Long "did not put on any proof that any employee of the City of Maryville had committed a negligent act or omission." After reviewing the record <u>de novo</u>, we are persuaded that, as the record now stands, an inference should be indulged that while making repairs, the City failed to repair the light which still had the tape affixed to the lamppost and that because the water fountain was operating at freezing or below freezing temperatures, ice may have formed on the walking path.

> We accordingly find that the evidence preponderates against the determination of the Trial Court.

In responding to a Tenn. R. Civ. P. Rule 41.02(2) motion, the court must impartially evaluate the evidence in the same manner as though it were making findings of fact at the conclusion of all the evidence of both parties, determine the facts of the case, apply the law to those facts, and if the plaintiff's case has not been made out by a preponderance of the evidence, a judgment may be rendered against the plaintiff on the merits. *See Columbia v. C.F.S. Const. Co.*, 557 S.W.2d 734 (Tenn. 1977). As already noted, this Court found the evidence preponderated against the Trial Court's initial decision.

Inexplicably, the defendant offered no evidence upon remand when given the opportunity, and where there is no material distinction between the evidence submitted on the first trial and the evidence presented in the second trial, the ruling of the Court of Appeals on the first trial is the law of the case on the second appeal. *City of Chattanooga v. Rogers,* 299 S.W.2d 660, 201 Tenn. 403 (Tenn. 1957).

The plaintiff fell while walking in defendant's park when it was "dusty dark". It was reasonable for this Court to infer that the fine mist sprayed in sub-freezing temperature could cause icy conditions on the sidewalk and the defendant, in the exercise of ordinary care, reasonably should have discovered the hazard. Moreover it had constructive notice of the condition. It is also reasonable to infer from the orange tag still attached to the burned out light, that the City had actual notice of the situation, yet failed to correct it. The record does not show that the particular light near the fountain had ever been repared. Contrary to defendant's assertion, there is no direct proof that the light was included in the other repairs completed prior to plaintiff's fall. A city employee testified that the department received notice on November 22 that several lights were out. Someone was sent to verify the location and place a tag around the lamppost. Then the electric department was notified and sent out to replace the lights. This witness testified in his deposition:

> Q.    But as far as whether this specific light was affected by that, you don't know, do you?

> A.    No.

The clear inference is, the City had actual notice that the light was out but had not repaired this particular light. The inference was found by a preponderance of the evidence by this Court on the first appeal, yet on remand, defendants offered no evidence to rebut these inferences.

Since this Court had previously found the evidence preponderated in favor of the plaintiff, the City had the burden to rebut plaintiff's case by countervailing proof. Accordingly, we reverse the Judgment of the Trial Court and remand, for the Trial Court to establish the amount of damages to which the plaintiff is entitled which will be reduced by the percentage of her fault, if any, in causing the accident.

The cost of the appeal is assessed to the City of Maryville.

_____
HERSCHEL PICKENS FRANKS, J.